**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER M. TIERNEY,
D.O.C. #R56554,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:21cv174-WS-MAF**

**SERGEANT HUNTER HARRISON and
OFFICER MONTEROUS PRESHA,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an amended complaint [hereinafter "complaint"] in late August 2021, alleging that the Defendant prison officials violated his Eighth Amendment rights by using unnecessary force against him. ECF No. 10.[1] After Plaintiff provided service copies of his complaint, service was directed on October 5, 2021. ECF No. 12. Summonses were returned unexecuted for both Defendants in late October, stating that Defendants were "no longer employed" by the Department of Corrections. ECF Nos. 15-16. Thereafter, a supplemental service Order was entered

---

[1] The complaint also asserted several state law claims. ECF No. 10 at 9, 11.

seeking assistance from the Department in locating and serving the Defendants. ECF No. 17. The Department responded by providing the last known addresses of both Defendants "in confidence" to the United States Marshals Service. ECF No. 18.

Thus, another supplemental service Order was entered, ECF No. 19, directing the Marshals Service to first send a waiver request to the Defendants and, if unsuccessful, to then personally serve the Defendants.[2] *Id.* at 2-3. As is relevant to this Report and Recommendation,[3] Defendant Harrison signed and returned the waiver of service form. ECF No. 23. Thus, Defendant Harrison had "60 days from 11/23/2021" in which to file and serve an answer or motion under Rule 12. *Id.* When no response had been received, an Order was entered on January 25, 2022, directing the Clerk of Court to note on the docket that Defendant Harrison was in default. ECF No. 26. The Clerk's default was entered on January 26, 2022. ECF No. 27.

---

[2] Defendant Presha was formally served with process on January 21, 2022, at a confidential address. ECF No. 25. After being granted two extensions of time, notwithstanding the fact that Defendant Presha failed to waive service and should have filed a response to the complaint within 21 days, Defendant filed a motion to dismiss on March 22, 2022. ECF No. 37.

[3] This Report and Recommendation is concerned only with Defendant Harrison.

Case No. 4:21cv174-WS-MAF

On February 11, 2022, a notice of appearance of counsel was filed for both Defendants, ECF No. 29, along with a motion to set aside the Clerk's default for Defendant Harrison, ECF No. 30, and a motion requesting an extension of time to file a responsive pleading, ECF No. 31. Defendant Harrison's motion to set aside the default acknowledged that a response to the complaint was due by January 24, 2022. ECF No. 30 at 1. The motion explained that due to an "administrative error," counsel was not assigned to this case until February 4, 2022, and then was not authorized to represent the Defendants until February 10, 2022,. *Id.* at 2. Further, counsel explained that "due to his heavy caseload," he had "not had a reasonable opportunity to" request the necessary documents from the Department of Corrections to file a responsive pleading. ECF No. 31 at 2.

An Order was entered on February 16, 2022, which deferred ruling on the motion to set aside the Clerk's default. ECF No. 32. While the Court "may set aside an entry of default for good cause" shown under Federal Rule of Civil Procedure 55(c), Defendant Harrison provided no reason for failing to respond to the complaint or at least seek an extension of time in which to do so by the January 24th deadline. *Id.* Thus, Defendant Harrison was given an opportunity to demonstrate good cause

and present a potentially meritorious defense to support the motion to set aside the Clerk's default.  *Id.*

On the March 10, 2022, deadline, Defendant Harrison filed two responses to that Order.  ECF Nos. 33-34.  First, Defendant Harrison provided a declaration explaining that he "mailed the waiver of the service of summons on or after December 10, 2021, and shortly thereafter, notified the Department of Corrections."  ECF No. 34-1.  Defendant Harrison said he did all that he knew to do and was "unfamiliar with the state's administrative processes that" would secure his representation.  *Id.*  He was unaware of the reason representation was delayed which resulted in the default.  *Id.*  Further, Defendant Harrison denied using excessive or unnecessary force on the Plaintiff and denied Plaintiff's version of the events alleged in the complaint.  *Id.*

Second, counsel for Defendant Harrison has demonstrated that neither the Department of Corrections or Risk Management was aware of Defendant Harrison's waiver until receipt of the executed summons for Defendant Presha.  ECF No. 33-2 at 4.  On the morning of Friday, February 4, 2022, an email was sent from an official with the Florida Department of Financial Services seeking "defense representation for the

State of Florida Defendants," and providing the executed summons, order, and complaint for Defendant Presha.  ECF No. 33-1 at 3-4.  On February 4, 2022, counsel was assigned to this case from the Attorney General's Office.  *Id.* at 2.  On Thursday, February 10, 2022, another email was sent to assign counsel for the Defendants and advised that "[a]pparently Defendant Harrison returned a waiver" but "neither Risk nor the Department receiv[ed] the usual summons that would trigger the process of obtaining representation with Risk."  *Id.* at 1.  As noted above, on the following day, February 11, 2022, a notice of appearance was filed, ECF No. 29, along with the motion to set aside the Clerk's default, ECF No. 30.

Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Here, the Clerk entered a default, but a default judgment has not been entered.  The appropriate standard is that of Rule 55(c) - whether there has been "good cause."  Notably, the "good cause standard" is far less rigorous than the "excusable neglect standard" which is applied in setting aside a default judgment.  EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990); Trinity Aviation Servs., Ltd. v. Lopez, 635 F. App'x 853, 854 (11th Cir. 2016).  Additionally,

within the Eleventh Circuit is a "strong preference that cases be heard on the merits," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and litigants be afforded "his or her day in court, if possible." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005).

The Eleventh Circuit has explained the "good cause" standard as follows:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations and quotations omitted) (quoted in Fed. Trade Comm'n v. MOBE Ltd., No.

Case No. 4:21cv174-WS-MAF

618CV862ORL37DCI, 2019 WL 3503285, at *2-3 (M.D. Fla. Apr. 19, 2019)).

In this case, Defendant Harrison has shown that the "default was caused by administrative delays not of his own making." ECF No. 33 at 2. There is no indication that Defendant Harrison's default was willful, and there is no prejudice to the Plaintiff. Plaintiff did not advise the Court of Defendant Harrison's default and, indeed, Plaintiff has taken no action concerning that default or filed anything in this case since submitting the service copies of the complaint. Furthermore, the declaration presented by Defendant Harrison presents a potentially meritorious defense.[4] Although it must be noted that Defendant Harrison has yet to file a motion to dismiss or an answer to the complaint,[5] counsel did timely seek to set aside the default the day after he was assigned to this case, even though the motion

---

[4] Notably, "[a] defendant has a meritorious defense if it raises a good defense at law." United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983) (relied on in Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014)). "Thus, whether a defense is meritorious does not depend on its likelihood of success." Retina-X Studios, LLC, 303 F.R.D. at 657. A denial of an action or relationship which would create a defendant's liability is a sufficient defense. See Turner v. Salvatierra, 580 F.2d 199, 201 (5th Cir. 1978).

[5] At this point, only Defendant Presha has filed a motion to dismiss. ECF No. 37.

Case No. 4:21cv174-WS-MAF

was not properly supported. In short, Defendant Harrison should not suffer for the administrative errors made which were beyond his control.

## RECOMMENDATION

It is recommended that Defendant Harrison's motion to set aside the clerk's default, ECF No. 30, be **GRANTED**, that Defendant Harrison be required to file an answer or other defense within seven days, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 23, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**