# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER M. TIERNEY,**
**D.O.C. #R56554,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:21cv174-WS-MAF**

**SERGEANT HUNTER HARRISON and**
**OFFICER MONTEROUS PRESHA,**

      **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION[1]

Previously, Defendant Harrison's motion to adopt, ECF No. 40, the motion to dismiss filed by Defendant Presha, ECF No. 37, was granted. ECF No. 43. The pro se Plaintiff was advised of his obligation to file a memorandum in opposition to the motion to dismiss. ECF No. 39. Plaintiff's response, ECF No. 41, was timely filed and the motion is ready for a ruling.

---

[1] The first Report and Recommendation entered in this case, ECF No. 38, recommended that Defendant Harrison's motion to set aside the Clerk's default, ECF No. 30, be granted. That recommendation was adopted without objection. ECF No. 42.

**Allegations of Plaintiff's amended complaint, ECF No. 10**

While housed in an infirmary cell at Liberty Correctional Institution, Plaintiff had a heated exchange with a nurse at his cell window. ECF No. 10 at 5. Plaintiff said they both were disrespectful to each other and the nurse went to get Defendant Presha. *Id.* When Defendant Presha arrived, Plaintiff said he was immediately disrespectful. *Id.* Because Plaintiff felt "the conversation was not going anywhere," he asked for the "O.I.C" [Officer in Charge]. *Id.* Defendant Harrison responded and went to Plaintiff's cell door. *Id.* Again, Plaintiff said he was disrespectful and also began threatening him. *Id.* Plaintiff then asked for a "white shirt," meaning a higher ranking officer than Defendant Harrison (who was a sergeant). *Id.*

Plaintiff alleged that both Defendants "Presha and Harrison were not being mature, responsible, and/or reasonable about the situation." *Id.* at 7. Defendant Harrison unlocked Plaintiff's cell door in front of the nurse and Defendant Presha, even though Plaintiff was not in handcuffs as required. *Id.* Defendant Harrison turned to them and asked if they "saw anything?" *Id.* Both Defendant Presha and the nurse said "no," which Plaintiff says implies that Defendant Harrison "could do anything" he wanted to Plaintiff and they would not say anything. *Id.* Defendants Harrison and Presha

entered Plaintiff's cell and assaulted him, hitting Plaintiff "in the body and facial area." *Id.* Plaintiff also said he was kicked in his hand which fractured his hamate bone. *Id.* Plaintiff asserts that Defendants violated his Eighth Amendment rights by using force without cause. *Id.* Defendants then failed to report the use of force and attempted to conceal the incident, falsifying documents in the process. *Id.* at 9.

Plaintiff asserts Eighth Amendment claims against the Defendants as well as state law claims for aggravated battery, a conspiracy to violate his rights, and the falsification of documents. *Id.* at 11. He seeks both compensatory and punitive damages. *Id.* Defendants are sued in their individual capacities only. *Id.* at 2-3.

**Motion to Dismiss, ECF No. 37**

The motion to dismiss filed by Defendant Presha, ECF No. 37, as adopted by Defendant Harrison, ECF No. 40, seeks the dismissal of several claims, but not the entire case. Defendants assert that the state law claims are barred by Florida Statute 768.28. ECF No. 37 at 6. Further, Defendants contend that Plaintiff failed to provide facts to support an Eighth Amendment deliberate indifference claim. *Id.* at 6-9. Defendants also argue that Plaintiff has attempted to assert state law claims against

them for violating state criminal statutes.  *Id.* at 9-17.  Those claims should

be dismissed because no private cause of action exists.  *Id.*

## Standard of Review

The issue on whether a complaint should be dismissed pursuant to

Rule 12(b)(6) for failing to state a claim upon which relief can be granted is

whether the plaintiff has alleged enough plausible facts to support the claim

stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167

L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S.

41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570,

127 S. Ct. 1955).  A complaint's well-pleaded factual allegations are

accepted as true, but "conclusory allegations" unsupported by facts are

"not entitled to an assumption of truth."  Randall v. Scott, 610 F.3d 701,

709-10 (11th Circ. 2010). Thus, dismissal is not permissible because of "a

judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct.

at 1965 (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827,

104 L. Ed. 2d 338 (1989)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 at 556).  When reviewing a motion to dismiss, the Court must construe the complaint in the light most favorable to the Plaintiff and accept the factual allegations as true.  The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002).  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 127 S. Ct. at 1966).

**Analysis**

**A.    Claims barred by Florida Statute 768.28**

Defendants contend that Plaintiff's state law tort claims are barred by

Florida Statute § 768.28(9) because Plaintiff did not plead the notice

requirement of the statute.  ECF No. 37 at 6.  Because the complaint fails

to include any statements demonstrating that Plaintiff complied with the

statute's pre-suit notice requirements, Defendants argue that the claims

must be dismissed.  *Id.*  In response, Plaintiff argues that he sufficiently

pled facts showing the Defendants acted with wilful intent when they

"maliciously and sadistically assaulted" him.  ECF No. 41 at 1.  Plaintiff's

response does not address Defendant's argument.

First, Defendants have not properly cited to the correct statute to

support the basis for dismissal.  Defendants argued: "Florida Statutes

768.28(9), bars Plaintiff's state law claims against the Defendants in their

individual capacities in that Plaintiff failed to properly plead the notice

requirement of Chapter 768.28, Florida Statutes."  ECF No. 37 at 6.  That

improper citation likely led Plaintiff astray in his response.  Section

768.28(9) concerns when an individual officer may be held liable for

committing a tort.  In relevant part, the statute provides:

Case No. 4:21cv174-WS-MAF

> An officer, employee, or agent of the state or of any of its
> subdivisions may not be held personally liable in tort or named
> as a party defendant in any action for any injury or damage
> suffered as a result of any act, event, or omission of action in
> the scope of her or his employment or function, unless such
> officer, employee, or agent acted in bad faith or with malicious
> purpose or in a manner exhibiting wanton and willful disregard
> of human rights, safety, or property.

FLA. STAT. § 768.28(9)(a).  That statute does not include a pre-suit notice

requirement.

It is not until the conclusion of their argument that Defendants more

correctly state: "Plaintiff never plead satisfaction of the notice requirements

of F.S. 768.28(6)(a), and therefore, the Court should dismiss all state law

claims."  ECF No. 37 at 6.  That statute provides:

> An action may not be instituted on a claim against the state or
> one of its agencies or subdivisions unless the claimant presents
> the claim in writing to the appropriate agency, and also, except
> as to any claim against a municipality, county, or the Florida
> Space Authority, presents such claim in writing to the
> Department of Financial Services, within 3 years after such
> claim accrues and the Department of Financial Services or the
> appropriate agency denies the claim in writing . . . .

FLA. STAT. § 768.28(6)(a).  The statute provides exceptions for contribution

and a wrongful death action, but those are not applicable in this case.

Otherwise, "the requirements of notice to the agency and denial of the

claim" is a condition precedent to maintaining an action.  FLA. STAT. §
768.28(6)(b).

That statute, however, is not applicable in this case.  Plaintiff's claims
are against the individual officers in their individual capacities, not the
"state or one of its agencies."  FLA. STAT. § 768.28(6)(a).  "The purpose of
the notice requirement in statutory subsection (6)(a) is 'to give the
appropriate public bodies an opportunity to investigate all claims.'"
Medberry v. McCallister, 937 So. 2d 808, 813 (Fla. 1st DCA 2006)
(citations omitted) (quoted in Watts v. City of Hollywood, Fla., No.
15-61123-CIV, 2015 WL 13567492, at *4 (S.D. Fla. Sept. 4, 2015)).  The
statute is inapplicable to claims against employees sued "in their individual
capacities."  Watts, 2015 WL 13567492, at *4 (denying motion to dismiss
claim brought against city employee sued in his individual capacity and
quoting Lundgren v. McDaniel, 814 F.2d 600, 605 (11th Cir. 1987) (citation
omitted)).  Therefore, Defendants' motion to dismiss the state law tort
claims brought against them in their individual capacities should be denied.

## B.   Deliberate Indifference Claims

Defendants argue that Plaintiff made a conclusory allegation that they
were deliberately indifferent to Plaintiff's serious medical needs.  ECF No.

37 at 6 (citing ECF No. 10 at 9).  Defendants contend that Plaintiff's

allegations are insufficient to state a claim and should be dismissed.  *Id.* at

6-9.

In response, Plaintiff states that after Defendants assaulted him,

"instead of going to get help from medical staff," the Defendants "chose to

spend their time attempting to cover up any wrongdoing while Plaintiff was

in serious pain . . . ."  ECF No. 41 at 2.  Plaintiff further argues that

Defendants knew of the need for medical care but "intentionally refused to

provide care or even alert the medical staff to provide care."  *Id.*

A "deliberate indifference" claim may be based on several different

scenarios.[2]  In this case, the parties view Plaintiff's assertion as a

deliberate indifference to medical care claim.  ECF No. 41 at 2; ECF No. 37

at 9.  Plaintiff's amended complaint did assert a claim for "deliberate

indifference," ECF No. 10 at 11, but there were no specific facts alleged to

support the claim.  Indeed, the only facts provided pertaining to this claim

---

[2] For example, a plaintiff could allege a deliberate indifference claim to the plaintiff's "right to be free from continued detention."  West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007).  Another type of deliberate indifference claim is based on an alleged failure to protect a prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003); Gross v. White, 340 F. App'x 527, 531 (11th Cir. 2009).

were that Defendant Harrison "did not report [the] use of force and tried to hide his involvement in [the] incident.  ECF No. 10 at 9.  Plaintiff then said Defendant Presha "tried to hide [Defendant] Harrison's involvement.  This is deliberate indifference, falsified documents, making false reports, and perjury."  *Id.*  He claimed it was also a violation of state law, § 944.35.  *Id.*  Those allegations are not sufficient to support a deliberate indifference claim.

A deliberate indifference claim "involves two components: whether the inmate had a serious medical need, and whether the defendant's response to that need was deliberately indifferent."  Rhiner v. Sec'y, Fla. Dep't of Corr., 696 F. App'x 930, 931 (11th Cir. 2017) (citing Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995)).  In this case, Plaintiff alleged that his hamate bone[3] was fractured as a result of the Defendants' actions.  ECF No. 10 at 9.  However, he did not allege any facts that show Defendants knew he had a broken bone or had any serious injuries which would constitute a "serious medical need."

---

[3] The hamate is a wedge-shaped carpal bone located on the outside area of the wrist.  *See* www.healthline.com/human-body-maps/hamate-bone#1.

Plaintiff's complaint also did not include any allegations showing that he requested medical care from the Defendants, but they prevented him from receiving that care, or otherwise delayed his care.  Notably, Plaintiff's amended complaint made clear that Plaintiff was "in the infirmary" at the time of the alleged incident.  ECF No. 10 at 5.  Plaintiff's response in opposition to the motion to dismiss also noted that nurses were "in the vicinity of the incident."  ECF No. 41 at 2.  Thus, Plaintiff was in the presence of nurses and medical staff and could have obtained medical care for his injuries.

Plaintiff's response does claim that Defendants "had knowledge of the need for medical care and intentionally refused to provide care or even alert the medical staff to provide care."  ECF No. 41 at 2.  However, those allegations are not part of the complaint.  A "new factual allegation, offered for the first time in Plaintiff's opposition [to a motion to dismiss], will not be considered."  Connell v. Poynter, No. 8:19-CV-668-KKM-CPT, 2021 WL 2258405, at *10 (M.D. Fla. June 3, 2021), appeal dismissed sub nom. Connell v. Warden, No. 21-12089-F, 2021 WL 4271904 (11th Cir. July 22, 2021); see also Sims v. Chase Home Fin., LLC, No. 4:11-CV-0121-HLM, 2011 WL 13176725, at *5 (N.D. Ga. Aug. 30, 2011), aff'd, 471 F. App'x 877

(11th Cir. 2012) (stating "Plaintiff cannot supplement the allegations of her

Amended Complaint through a brief in response to a motion to dismiss");

Payne v. Ryder Sys., Inc. Long Term Disability Plan, 173 F.R.D. 537, 540

(M.D. Fla. 1997) (noting "that a plaintiff cannot amend a complaint through

statements in a brief") (citing to Car Carriers, Inc. v. Ford Motor Co., 745

F.2d 1101, 1107 (7th Cir. 1984) (stating "it is axiomatic that the complaint

may not be amended by the briefs in opposition to a motion to dismiss")).

Because no facts were alleged in the complaint which support a claim for

deliberate indifference to Plaintiff's medical needs, the motion to dismiss

that claim should be granted.

## C.    Criminal Statutes

Defendants point out that Plaintiff's complaint attempts to state a

claim against them for violating state criminal statutes.  ECF No. 37 at 9.  In

the Statement of Claims section of the complaint, Plaintiff listed Eighth

Amendment claims for cruel and unusual punishment, excessive and

unnecessary use of force, and then claimed: "mental pain and suffering,

deliberate indifference, malicious/aggravated battery, conspiracy to deprive

me of my constitutional rights, providing false statements, falsified

documents, failure to report."  ECF No. 10 at 11.  Plaintiff then listed the

following statutes:  944.35(2), 944.35(4)(b), 944.35(4)(a), and

944.35(3)(a)(1)-(2), Florida Statutes.  ECF No. 10 at 11.  Each of those four

statutes proscribe the conduct of Department of Corrections' employees,

with the last three making certain conduct criminal violations:

> (1)    Each employee of the department who either
> applies physical force or was responsible for
> making the decision to apply physical force upon an
> inmate or an offender supervised by the department
> in the community pursuant to this subsection shall
> prepare, date, and sign an independent report
> within 1 working day of the incident. The report shall
> be delivered to the warden or the circuit
> administrator, who shall forward the report with all
> appropriate documentation to the office of the
> inspector general. The inspector general shall
> conduct a review and make recommendations
> regarding the appropriateness or inappropriateness
> of the use of force. If the inspector general finds that
> the use of force was appropriate, the employee's
> report, together with the inspector general's written
> determination of the appropriateness of the force
> used and the reasons therefor, shall be forwarded
> to the circuit administrator or warden upon
> completion of the review. If the inspector general
> finds that the use of force was inappropriate, the
> inspector general shall conduct a complete
> investigation into the incident and forward the
> findings of fact to the appropriate regional director
> for further action. Copies of the employee's report
> and the inspector general's review shall be kept in
> the files of the inmate or the offender supervised by
> the department in the community. A notation of
> each incident involving use of force and the

outcome based on the inspector general's evaluation shall be kept in the employee's file.

FLA. STAT. § 944.35(2).

(2)    Any person who knowingly or willfully submits inaccurate, incomplete, or untruthful information with regard to reports required in this section commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

FLA. STAT. § 944.35(4)(b).

(3)    Any employee required to report pursuant to this section who knowingly or willfully fails to do so, or who knowingly or willfully prevents another person from doing so, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

FLA. STAT. § 944.35(4)(a).

(4)    1. Any employee of the department who, with malicious intent, commits a battery upon an inmate or an offender supervised by the department in the community, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

2. Any employee of the department who, with malicious intent, commits a battery or inflicts cruel or inhuman treatment by neglect or otherwise, and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to an inmate or an offender supervised by the department in the community, commits a felony of the third degree,

punishable as provided in s. 775.082, s. 775.083, or
s. 775.084.

FLA. STAT. § 944.35(3)(a)(1)-(2)

The violation of criminal laws does not necessarily lead to a civil

penalty or civil cause of action.  <u>Cannon v. Univ. of Chicago</u>, 441 U.S. 677,

688, 99 S. Ct. 1946, 1953, 60 L. Ed. 2d 560 (1979) (stating "the fact that a

federal statute has been violated and some person harmed does not

automatically give rise to a private cause of action in favor of that person").

Defendants correctly argue that nothing in the statutes cited by Plaintiff

"creates a cause of action or assigns rights to individuals which normally

would be enforced through a private civil action."  ECF No. 37 at 12.

"Criminal statutes generally do not provide a private cause of action."

<u>Chen ex rel. V.D. v. Lester</u>, 364 F. App'x 531, 536 (11th Cir. 2010) (citing

<u>Love v. Delta Air Lines</u>, 310 F.3d 1347, 1352–53 (11th Cir. 2002)).

Plaintiff cannot pursue a civil claim against the Defendants for their

alleged violations of section 944.35.  <u>Gibson v. Kent</u>, No. 3:15cv458-MCR-

EMT, 2016 WL 7384646, at *4 (N.D. Fla. Nov. 18, 2016), report and

recommendation adopted, No. 3:15CV458/MCR/EMT, 2016 WL 7379002

(N.D. Fla. Dec. 20, 2016) (holding "Florida Statutes, Section 944.35, is a

criminal statute, titled as 'Authorized use of force; malicious battery and sexual misconduct prohibited; reporting required; penalties.' It provides criminal penalties for unauthorized uses of force and sexual misconduct; it has not provision creating a civil remedy").  A violation of section 944.35 does not authorize a private cause of action for monetary damages. Gudger v. Pugh, No. 3:16cv98-RV-EMT, 2018 WL 3463311, at *5 (N.D. Fla. June 19, 2018), report and recommendation adopted, No. 3:16cv98-RV-EMT, 2018 WL 3458486 (N.D. Fla. July 18, 2018) (stating "there is no authorization under the statute for a private cause of action in damages such as the instant case").  The purpose of that statute is to "improve the effectiveness of the Florida correctional system, to allow for the proper training of correctional personnel, and to provide for disciplinary or criminal consequences against officers who use unauthorized force on inmates." Gudger, 2018 WL 3463311, at *5.  There is no suggestion of legislative intent to create a cause of action for prisoners to sue correctional officers for violating section 944.35.

    In response to the motion to dismiss, Plaintiff states that he "is not asking for civil remedies for state criminal violations; Plaintiff is asking once Defendants be found guilty of said criminal violations than [sic] criminal

penalties be inflicted as a matter of law." ECF No. 41 at 3. The law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." <u>Otero v. United States Attorney General</u>, 832 F.2d 141, 141 (11th Cir.1997) (per curiam) (citation omitted). Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution of another." <u>Diamond v. Charles</u>, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted). Plaintiff is a private citizen and does not have "the right to compel a State to enforce its laws" or prosecute crimes. <u>Diamond</u>, 476 U.S. at 65, 106 S. Ct. at 1705. Accordingly, because Plaintiff lacks standing to bring claims based on alleged violations of 944.35(2), 944.35(4)(b), 944.35(4)(a), and 944.35(3)(a)(1)-(2), Florida Statutes, the motion to dismiss these claims should be granted.

## <u>RECOMMENDATION</u>

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 37, be **GRANTED in part and DENIED in part**. Plaintiff's Eighth Amendment deliberate indifference claim and the claims based on state criminal laws should be **DISMISSED**, but the motion should otherwise be **DENIED** and Defendants required to

file an answer to the amended complaint, ECF No. 10, within fourteen (14)

days of an Order adopting this recommendation.  It is further

**RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 8, 2022.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**