# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER M. TIERNEY,**
**D.O.C. #R56554,**

    **Plaintiff,**

vs.                                                     Case No. 4:21cv174-WS-MAF

**SERGEANT HUNTER HARRISON and**
**OFFICER MONTEROUS PRESHA,**

    **Defendants.**

_____/

## THIRD REPORT AND RECOMMENDATION[1]

On July 11, 2022, the motion to dismiss filed by Defendant Presha, ECF No. 37, which was adopted by Defendant Harrison, *see* ECF No. 40, was granted in part. ECF No. 49. Plaintiff's state law claims and his Eighth Amendment claim for deliberate indifference were dismissed. *Id.* The case

---

[1] The first Report and Recommendation, ECF No. 38, recommended that Defendant Harrison's motion to set aside the Clerk's default, ECF No. 30, be granted. That recommendation was adopted without objection. ECF No. 42. The Second Report and Recommendation, ECF No. 45, was entered on June 8, 2022, and recommended the motion to dismiss, ECF No. 37, be granted in part and denied in part. That recommendation was also adopted without objection. ECF No. 49.

continued against both Defendants who are sued in their individual capacities only.

Defendants' motion to dismiss did not seek dismissal of all claims raised in Plaintiff's amended complaint, ECF No. 10. Rather, Defendants argued that the state law claims were barred by Florida Statute 768.28. ECF No. 37 at 6. Further, they claimed Plaintiff failed to provide facts to support an Eighth Amendment deliberate indifference claim. *Id.* at 6-9. Third, Defendants sought dismissal of an additional state law claim concerning the violation of state criminal statutes because no private cause of action existed. *Id.* at 9-17. Defendants did not address Plaintiff's Eighth Amendment claim for the use of unnecessary and excessive force, nor did Defendants address whether Plaintiff exhausted administrative remedies.

After ruling on the motion to dismiss, Defendants filed an answer to the amended complaint. ECF No. 51. Defendants denied Plaintiff's claims and facts, and denied that Plaintiff was entitled to any relief in this case. *Id.* at 1-2. The only affirmative defense presented was that "Defendants acted reasonably within their discretionary authority and in accordance with undisputed existing constitutional, statutory, and case law" and they asserted their entitlement to qualified immunity. *Id.* at 2.

The parties were provided an opportunity to engage in discovery. ECF No. 50. At the conclusion of the discovery period, Defendants sought an enlargement of time to file a summary judgment motion. ECF No. 54. The motion explained that a conflict of interest between the two Defendants had been identified, and separate counsel would be assigned for one of the Defendants. *Id.* The motion for extension of time was granted. ECF No. 55.

In December 2022, a notice of appearance of counsel was filed for Defendant Harrison, ECF No. 56, along with a motion for summary judgment, ECF No. 60, and a notice of filing documents in support of that motion, ECF No. 57. Additionally, Defendant Harrison filed an amended answer. ECF No. 59. Within that answer, Defendant Harris included a second affirmative defense - that "Plaintiff failed to exhaust administrative remedies and/or failed to satisfy conditions precedent." *Id.* at 2.

The pro se Plaintiff was advised of his obligation to file a response in opposition to the motion for summary judgment. ECF No. 61. After being granted an extension of time, ECF Nos. 64-65, Plaintiff filed his response, ECF No. 67, on February 17, 2023.

On February 23, 2023, Defendant Harrison filed another document (grievance 18-6-01011) "in support of the motion for summary judgment and reply memorandum." ECF No. 68. The document is addressed and identified in Defendant's reply to Plaintiff's response, which was filed on the same day. ECF No. 69 at 3. To be clear, the exhibit is deemed to be filed in support of Defendant's reply, ECF No. 69, and not in support of Defendant's summary judgment motion, ECF No. 60.

As an additional matter of clarification, Defendant Presha did not file a motion for summary judgment. That Defendant has stated an intention to proceed to trial on Plaintiff's surviving Eighth Amendment claim, unless the "case is resolved through settlement beforehand." ECF No. 62.

**Motion for summary judgment, ECF No. 60**

Defendant Harrison argues that summary judgment should be entered in his favor. ECF No. 60. There is only one argument presented: that Plaintiff did not properly exhaust administrative remedies. *Id.* at 4-8. Defendant states that it is undisputed that Plaintiff's two grievances concerning the events in this case were not submitted within the time required by the Department's administrative rules. *Id.* at 7. Defendant points out that formal grievances and direct grievances to the Secretary's

Office must be filed within "15 calendar days" from when the incident occurred.  *Id.* at 6.  The incident at issue in this case occurred on December 9, 2017, but Plaintiff did not submit his grievances until January 5, 2018, which is beyond the 15-day time requirement.  *Id.* at 7.  Moreover, Defendant contends that an independent review by the Inspector General's Office "does not obviate" an inmate's obligation to comply with the Department's grievance procedures.  *Id.* at 8.

Attached to the motion is a copy of Plaintiff's direct grievance to the Secretary's Office, grievance log # 18-6-02961.  ECF No. 57-1 at 2.  Plaintiff dated it January 5, 2018.  *Id.*  He explained the circumstances of his assault on December 8, 2017, requested camera footage be preserved for litigation, and claimed he was experiencing retaliation.  *Id.*  The response stated that the subject of his grievance had already been "referred to the Office of the Inspector General."  *Id.* at 1.  Because that "process was initiated prior to the receipt of" Plaintiff's grievance, his request for action was "denied."  *Id.*

Plaintiff submitted a second direct grievance to the Secretary on the same day.  *Id.* at 6.  A response to that grievance informed Plaintiff that his submission was not in compliance with the Department's Rules.  *Id.* at 5.

Further, it was noted that his allegations had "been previously reported." *Id.* His "appeal [was] returned without action." *Id.*

**Plaintiff's response, ECF No. 67.**

Plaintiff first states that the fractured hamate bone[2] in his right hand hindered him from filing a grievance. ECF No. 67 at 3. Plaintiff writes with his right hand. *Id.* at 6. He also points out that he verbally complained to several "responsible persons" at the institution, but they "attempted to cover up" the wrongdoing. *Id.* at 4. Plaintiff further contends he was subjected to retaliation and was not provided a pen or the necessary form. *Id.* at 6-9.

**Analysis**

As part of the Prison Litigation Reform Act ("PLRA"), Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "However, the exhaustion requirement 'is an affirmative

---

[2] The hamate is a wedge-shaped carpal bone located on the outside area of the wrist. *See* www.healthline.com/human-body-maps/hamate-bone#1.

Case No. 4:21cv174-WS-MAF

defense,' not a pleading requirement." Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) (quoted in Brooks v. Warden, 706 F. App'x 965, 968 (11th Cir. 2017)).  An "exhaustion defense should be raised in a motion to dismiss under Rule 12(b)." Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoted in Brooks, 706 F. App'x at 968).

Rule 12(g)(2) of the Federal Rules of Civil Procedure limits "defenses that can be raised for the first time in a second or successive motion to dismiss under Rule 12." Brooks, 706 F. App'x at 968. "Specifically, the rule says: 'Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.'" Fed. R. Civ. P. 12(g)(2) (quoted in 706 F. App'x at 968). Thus, "a party cannot raise a defense in a second Rule 12 motion that it failed to raise in its first Rule 12 motion." 706 F. App'x at 968; *see also* Ford v. Hayes, No. 3:15-CV-907-J-32JRK, 2018 WL 3831167, at *6, n.8 (M.D. Fla. Aug. 13, 2018) (finding that defendants "forfeited the right to raise the defense in a subsequent motion" to dismiss); Oliver v. Whitehead, No. 3:14-CV-1506-J-39JRK, 2017 WL 5187752, at *2 (M.D. Fla. Nov. 9, 2017) (rejecting exhaustion defense raised in summary judgment motion

because it was not raised in prior motion). "The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground.'" Ennenga v. Starns, 677 F.3d 766, 773 (7th Cir. 2012) (quoted in 706 F. App'x at 969).

In Brooks v. Warden, the Eleventh Circuit addressed "whether a prison official forfeits the exhaustion defense by failing to raise it in his first motion to dismiss under Rule 12." 706 F. App'x at 968. The conclusion was that Rule 12(g)(2) requires a defendant to "raise the exhaustion defense in his first Rule 12 motion, otherwise the defense is forfeited and cannot be raised in a later motion under Rule 12." *Id.* at 968.

In applying the holding of Brooks, federal district courts have found that it does not matter whether the defense is asserted in a second motion to dismiss or a motion for summary judgment. *See* Donaldson v. Hawkins, No. 4:20cv76-WS- MAF, 2022 WL 4110534, at *2 (N.D. Fla. Aug. 9, 2022), report and recommendation adopted, No. 4:20cv76-WS/MAF, 2022 WL 4110158 (N.D. Fla. Sept. 8, 2022) (holding that Defendants could "not raise the affirmative defense of exhaustion in their motion for summary judgment since they previously filed a motion to dismiss which failed to raise this

issue"); Sherman v. Quest, No. 18-60973-CIV, 2020 WL 6791100, at *7-8 (S.D. Fla. Nov. 19, 2020) (rejecting exhaustion argument presented in motion for summary judgment which raised an additional reason not previously presented in motion to dismiss); Davis v. Bradshaw, No. 9:14-CV-80429, 2020 WL 3507392, at *3 (S.D. Fla. June 29, 2020), order amended on reconsideration, No. 9:14-CV-80429, 2020 WL 5750019 (S.D. Fla. Sept. 25, 2020) (treating exhaustion argument presented in motion for summary judgment as a motion to dismiss but concluding the defense was forfeited); Oliver v. Whitehead, No. 3:14-CV-1506-J-39JRK, 2017 WL 5187752, at *2 (M.D. Fla. Nov. 9, 2017) (rejecting exhaustion defense raised in summary judgment motion because it was not raised in prior motion).

   In this case, Defendant has not demonstrated that the exhaustion defense was unavailable and could not be presented in its earlier motion to dismiss.  The grievances were from January 2018 and could certainly have been included in the motion to dismiss filed on March 22, 2022, ECF No. 37.  Therefore, Defendant Harrison has forfeited the exhaustion defense and is not entitled to summary judgment based on failure to exhaust.  As

that was the only argument presented in the motion, ECF No. 60, the motion must be denied.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, ECF No. 60, be **DENIED** because the Defendants have waived their exhaustion defense.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**